## Mrs. Henry Peters et al., Appellees, v. Mike Kamiczaitis et al., Appellants.

DRAM-SHOPS—*effect of joint action for loss of support upon measure of damages.*  The fact that several minor children of the deceased join together in an action for loss of support does not limit the extent of the recovery to such losses as accrue from the time of the death of the deceased until the oldest of the children reaches majority.  It is for the jury to determine from the evidence the full amount to which each and all of such children are damaged

by reason of the death of their father and to return a verdict for the gross amount.

Action in case. Appeal from the Circuit Court of Sangamon county; the Hon. Robert B. Shirley, Judge, presiding. Heard in this court at the November term, 1910. Affirmed. Opinion filed May 26, 1911. *Certiorari* denied by Supreme Court (making opinion final).

THOMAS F. FERNS, MARVIN T. ROBISON, RUFUS M. POTTS, W. H. NELMS and ALFRED ADAMS, for appellants.

SMITH & FRIEDMEYER, for appellee; E. S. SMITH, of counsel.

MR. PRESIDING JUSTICE PUTERBAUGH delivered the opinion of the court.

This is an action in case, under the Dram-Shop Act, instituted by the minor children of Frank Lederle, whose death is alleged to have resulted by reason of the sale to him by the defendant Kamiczaitis, of intoxicating liquor; the other defendants being the owners of the premises in which such liquor was sold. The jury returned a verdict in favor of the plaintiffs for $1,350. To reverse the judgment rendered thereon this appeal is prosecuted.

The sole ground urged for reversal is that the plaintiffs, the several minor children of Frank Lederle, deceased, can jointly recover only for such loss to their means of support as accrued from the time of the death of their father until the oldest of the children reached his majority; in other words, that having elected to sue jointly, which they had a right to do their recovery must be confined to the period during which each had an equal interest in the whole of the recovery. We are of opinion that such position is unwarranted and unsupported by any reasonable construction of the Dram-Shop statute. The plaintiffs had the right to sue jointly for and recover all damages sustained by them on account of the cause of action stated in the declaration. It was for the jury to

determine from the evidence the full extent to which each and all of them were damaged by reason of the death of their father, and to return a verdict for the gross amount. It is a matter of no concern to the defendants how or in what proportion the proceeds of the judgment be divided among the joint plaintiffs.

The rulings upon the instructions referred to were correct, and the judgment of the Circuit Court is affirmed.

*Affirmed.*